65,555-24

Dr. Alex Melvin Wade, Jr.
Paralegal Specialist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas 77705-7638

RECEIVED IN
COURT OF CRIMINAL APPEALS

Cause No.: WR-65,555-24     DEC 28 2015

IN THE TEXAS COURT OF CRIMINAL APPEALS
STATE OF TEXAS

Ex Parte Alex Melvin Wade, Jr. Abel Acosta, Clerk
Applicant.

===================================================================
PETITION FOR WRIT OF HABEAS CORPUS
CAUSE NO. 1222385-D, FILED IN THE 185th DISTRICT COURT
HARRIS COUNTY
===================================================================

APPLICANT ALEX MELVIN WADE, JR., FILES HIS RESPONSE
COURT'S FINDING OF FACTS, AND CONCLUSION OF LAW FILED
WITH AN ATTACHED ORDER ON 11/11/2015 AND TRANSMITTED
TO THIS COURT AND FILED ON 12/08/201590

TO THE HONORABLE JUSTICES OF SAID COURT:
    COMES NOW Alex Melvin Wade, Jr., pro se, files the above entitled cause of
action in this Court where jurisdiction of the same based on the attached docu-
ment is brought pursuant to Texas Rules of Appellate Procedure 73.3(3)(2) and
for good cause as in the following:
                            I.
    On small change that was and is provided in Rule 73.3, is both parties
are now given 10 days from the date they receive the trial court's findings
of fact and conclusion of law to file objections.
    Applicant While confined at Mark W. Stiles received a copy of the Court's
finding of fact and conclusions of law with an attached order on 11/17/2015.
This Applicant filed his Response that contain objections to the Court's Findings
of Fact and Conclusion on 11/17/2015.(Deposted in the Prison's Mailbox on
11/17/2015) Therefore, the timely filing of the objection and response(See
Attachment) was filed within 10 days of the court's action. Applicant's conduct
in the filing is to not avoid any delay of the proceedings. And though the rule
does not specifically state it, the objections are to be filed with the trial
duties of the district clerk, one can conclude that the fact that the 10 days
objections are to be filed with the trial court and not directly with the CCA.
    Applicant has not been notified this Court received a copy of the response
that contained the objection to the court's action. Since that is the case,
Applicant herein attaches a copy of the pleading hereto that is to be made part
of the record in the above entitled cause of action.
                            Respectfully submitted

                            Dr. Alex Melvin Wade, Jr.

cc:
    Chris Daniel, Clerk
    Devon Anderson, DA

12/20/15

No. 1222385-D

EX PARTE                                  ⟊    IN THE 185th DISTRICT COURT

                                          ⟊    OF

ALEX MELVIN WADE, JR.,                     ⟊    HARRIS COUNTY, T E X A S
    Applicant.

## APPLICANT'S PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

This Court has considered the original and amended applications for writ of habeas corpus, this is not limited to the State's Motion Requesting Designation of Issue and State's Proposed Order Designating Issue signed by this Court on March 12th, 2014, some 19 months ago. Consideration is herein given to Applicant's voluminous filing with evidence attached thereto, the newly discovered evidence supporting his claim of prosecution's suppression of evidence favorable to the accused, where Brady violation appears to have been committed by the prosecution Applicant has presented evidence showing and supporting his trial attorney Lawrence Cerf, ineffective at critical stages of the proceedings. The Court found there are controverted, previously unsolved facts material to the legality of the Applicant's confinement, where Applicant writs alleges the claim of "actual innocence,"which require an evidentiary hearing.

The Court recommends the habeas claims alleged be determined in a evidentiary hearing, Applicant habeas allegations, supported by evidence, are sufficient to overcome the State's Original Answer dated Nov. 5th, 2015, filed by the Office of Devon Anderson, District Attorney, by Farnaz Faiaz, Assistant District Attorney. The State's Answer do not address the State's Request for Designation of Issue filed by Andrew Smith, Assistant District Attorney on March 11th,

Applicant has presented to the habeas corpus court a copy of the Clerk's Record in 1222385, prepared by Salinas on June 18th, 2010 to the Court of Appeals. In that Record Applicant claim of actual innocence is clear, that is to say, there is no complainant, CR-00004, the complaint used by the State to acquire the indictment is a complaint that was dismissed against Applicant in cause number 1116862. The Clerk's Record is saturated with record if not the entire record from the dismissed indictment 1116862. Further applicant has presented the Statement of Facts, which is part of the Clerk's Record where the State's Chief Witness, Eitan Price, CR-00328, testified that there was no complaint filed as alleged in the indictment that it is Western World Insurance Group that is the complainant. Therefore, the State failed to meet its burden, that is it fail to prove the name alleged in the indictment that is Western World Insurance Group was the complainant. CR-00002[1.]

Further Applicant list a line of filing the District Attorney's Office has not acknowledged as part of the record.

1. Under cover letter dated February 14th, 2014 a list of documents submitted to the Clerk's Office to be filed and copy sent to the Office of Devon Anderson, among those documents, Exhibit "A" thru "S", in the Clerk's Record 00036-00054, Affidavity of Ken Cash, of Capital One labeled Capital One Exhibit "A," Capital One, Exhibit "A3,", Exhibit "A4,", Applicant Exhibit "Z" a copy of the contract entered between Applicant and Capital One, attached thereto, Applicant Exhibit Z1, the copy of the actual deposit slip and Exhibit "Z2" a copy of the draft deposited with Capital One to be sent for collection.

(A) The evidence was suppressed by the State regarding Capital One, which

---

1. The State's Original Answer do not mention the State's Motion to Designate Issue and Proposed Order Designating Issue filed on March 11th, 2014.

is exculpatory and impeachment evidence used property by trial counsel, Lawrence Cerf, would have shown the State's Chief Witness, Michael Coulter's testmony was prejuried testimony and the State's Exhibit "@," was a false copy of the deposit slip which was made by the Bank to make it appear there was no actual deposit made by Applicant. This evidence will show that used properly and presented before a jury, a fact finder would not have found this Applicant guilty of attempted theft.

2. Applicant presented under cover letter date February 14th, 2014, a memorandum brief in support of the writ application. The Court of Appeals without review of that evidence would be a blanant denial of due process of law regarding the claim of prosecutional misconduct, knowing use of false evidence and allowing it go uncorrected denied due process of law. Prosecutional knowingly used a altered testimony and false testimony denying applicant a fair and impartial trial.

3. State makes no mention of the Motion filed by Andrew Smith, Assistant District Attorney, "Motion Designating Issues," filed on March 12th, 2014 which the Order Designating Issues should have been transmitted to the Court of Criminal Appeals. The State Original Answer make no mention to the Order Designating Issues prepared and submitted by Andrew Smith Assistant District Attorney and signed by the Honorable Susan Brown, Presiding, 185th Judicial District Court of Harris County.

4. Original Memorandum Brief under cover letter dated April 16th, 2014 specifically addressing the unresolved claim of Applicant, Whether Applicant is actually innocence of the primary case. The cover letter is addressed to Leslie Hernandez, Deputy.

-3-

5. Applicant filed with the Office of Chris Daniel, Clerk under cover letter dated March 21st, 2014, His amended Application for writ of habeas corpus with the attached Exhibit "E" & "F", which should as a matter of fundamental due process of law be reviewed by the Court of Appeal as to the Unresolved Issues Acknowledge by the State. Under cover letter dated March 26th, 2014 a proposed drafted Order to grant the amended writ application presented under cover letter dated March 21st, 2014.

6. Applicant sumbitted under cover letter dated March 31st, 2014, his Original Motion to Recuse and/or Disqualify Judge Susan Brown, with Declaration, and memorandum brief in support which should be made part of the record to be presented to the Court of Appeals.

7. Applicant submitted under cover letter dated April 3rd, 2014, Applicant Alex Melvin Wade, Jr., Memorandum Brief In Support unresolved issue, whether the State committed a Brady violation in the primary case.

8. Applicant submitted under cover letter dated August 4th, 2014, Applicant's Proposed Order for Show Cause and Evidentiary Hearing

9. Applicant sumbitted under cover letter dated August 26th, 2014 a list of Exhibits to be made a part of the habeas record, Exhibits U, T & V, Exhibit "U", Applicant's Exhibit Z, Z1 & Z2, The Jury Notes from the Clerk's Record, etc.

10 Applicant submitted Alex Melvin Wade, Jr., memorandum brief in support of the denial of effective assistance of counsel, and an amended memorandum in support of the denial of effective assistance of counsel in the primary case.

11. Applicant writ of habeas record should contain among the above the

-4-

1. Applicant Alex Melvin Wade, Jr.,'s memorandum brief on unresoled issue whether the Applicant received ineffective assistance of counsel in the primary case. filed on or about May 18th, 2015

2. Applicant Alex Melvin Wade, Jr., Petition and Application for Release on Personal Recognizance Bond and/or Setting of Resonable Surety Bail pending finality of State's Writ of Habeas Corpus. Certificate of Service dates 06/18/15

3. Applicant Alex Melvin Wade, Jr.,'s Amended Memorandum in Support of the Unresolved claim of ineffective assistance of counsel and sufficiency of the evidence in the primary case, with Jury instruction attached CR-00122-00124 and Jury's note CR-00132

4. Applicant Memorandum brief in support of grant of habeas corpus bail pending finality of review by the Court of Criminal Appeals.

5. Applicant's memorandum in support of unresolved issue # five(5), whether the State allowed perjuried evidence and false testimony in the primary case. Dated March 20th, 2014

6. Applicant's Memorandum Brief regarding suppression of impeachment evidence by prosecution authorities that was favorable to applicant. Certificate undated

7. Applicant's Alex Melvin Wade, Jr., memorandum brief on unresolved issue whether the state committed a Brady violation in the primary case. These pleading reference the Clerk's Record in support of the argument. Dated April 3rd, 2014.

Applicant's list go on and on, but the State fails to acknowledge the above filing that should and must be presented to the Court of Criminal Appeals in the Writ Application review. To not prepare a correct habeas record for presentation to the Court of Appeals would be nothing less than deny him his due process of law.

LEGAL ARGUMENT ON ISSUE OF ACTUAL INNOCENCE THAT ENTITLE HIM TO
AN EVIDENTIARY HEARING ON THE CLAIM OF ACTUAL INNOCENCE SUPPORTED

In light of McQuiggin v. Perkins, 133 S.Ct. 1924(2013)(citing Schlup v. Delo, 513 U.S. 298(1995) provide the foundation that an applicant must meet to support his actual innocence claim. Applicant allegation has hurdled Ex Parte Richardson, 70 S.W3d 865, 870(Tex.Crim. App. 2002); See also Ex Part Adams, 768 S.W.2d 281(Tex. Criminal App. 1988), Applicant's evidence presented in the writ filing of Applicant, State's knowingly used false evidence and the State suppressed evidence favorable, which is exculpatory and impeachment evidence. The suppressed evidence, the state knew existed and allowed it to go uncorrected.

-5-

Applicant's evidence establising an insufficiency-of-the-evidence standard equivalent to that of Jackson v. Virgina, 443 U.S. 307(1979), the logic of presentation of the evidence, newly discovered and suppressed evidence is to make clear, the Applicant evidence, if presented to the jury and used properly would have established that a fact finder would not have found this applicant guilty of attempted theft.

However, the Clerk's Record, which is part of the habeas record and the same should be made part, contain no complaint by Western World Insurance Group and that along that state did not meet it burden of showing the essential element of the indictment, that is Western World Insurance Group was the complainant. (See,CR00002, against CR 00004 and CR. 00328, ln 13-24).

Applicant evidence and the Clerk's Record do make a colorable showing of innocence "by showing that he might not, or even would not, have been convicted in the absence of evidence claimed to have been unconstitutionally suppressed by the state and applicant denial of the effective assistance of counsel at a critical stage of the proceedings. Rather, as Applicant evidence has shown "fair probability that, in light of all the evidence, including that alleged to have been false, perjuried testimony(but due regard to any unreliability of it) and evidence tenably claimed to have been wrongfully excluded or to have become available only after the trial, the trier of the facts would have entertained a reasonable doubt of his guilt."

The Supreme Court has held that defendants must meet an "extraordinary high" standard and threshold showing of innocence before habeas proceedings will be appropriate. Herrera v. Collins, 506 U.S. 390(1993) see also, Schlup v. Delo, supra. Applicant can bring claims based on newly discovered evidence

-6-

under habeas corpus division. State ex rel. Holmes v. Third Court of Appeals, 885 S.W. 2d 389, 397-99(Tex.Crim.App. 1994), overruling Ex Parte Binder, 660 S.W. 2d 103(Tex.Crim.App.1983). An Applicant as this Applicant seeking habeas relief based on a claim of "factual innocence," must, as a threshold demonstrate that the evidence, if creates, a doubt as to the efficacy of the verdict sufficienly to undermine confidence in the verdict and that it is possible that the verdict would be different. Be it noted, Exhibit "A" thur "S", (CR-00035-56) was never presented before the jury nor was the exhibits properly made a part of the record, once the threshold has been met, the habeas court, which is this Court must afford this applicant a forum and an opportunity to present his evidence. Holmes, 885 S.W.2d at 397. Applicant has made his prima facia showing, which is with clear and convincing evidence the Court of Appeals is entitled to review in the habeas record that appears to being put into place to forward to the Court of Criminal Appeals. However, State's Original Answer do not make reference to the State's Motion to Designate Issue and State's Proposed Order to Designate Issue, filed on March 11 & 12, 2014, that must be made a part of the record. (See, Exhibit "A" 1 thur 4, attached hereto)

It appears, since the State is attempting to cause the record be incomplete, thereby, in short hiding from the Court of Appeals a complete record, it is nothing less that as it has done in the Clerk's Record, 1222385, in the 185th Judicial District Court, Harris County, Texas manipulated knowing the record should show in it entirty.

It is for the above reasons, this Applicant strenously object and respond to State's Original Answer of November 5th, 2015, respectively.

State's initial Motion to Designate Issue has been granted and the same has not to this day been responded to by the State in this matter.

-7-

## CONCLUSION

For the foregoing reasons, Applicant Alex Melvin Wade, Jr., prays this Honorable Court overrule State's Original Answer filed November 5th, 2015 some one and a half year after the Court Order Designating Issue was signed and presented to the Office of Harris County, Texas District Attorney, Devon Anderson, District Attorney.

Further, if this Court deem that it should grant State's Original Answer, Applicant Alex Melvin Wade, Jr., prays this Honorable Court issue it order directing the Office of Chris Daniel, Clerk of the Harris County District Courts forward the complete habeas record, which contain the list of pleadings and exhibits to the Court of Criminal Appeals referenced herein.

There is no Order attached hereto because it has been the understanding of the undersigned that in matters of this sort. This Honorable Court traditionally writes its own. Thus, the rule requirement asked be waived.

Respectfully submitted,

Dr. Alex Melvin Wade, Jr.
Attorney of Record
Mark W. Stiles
3060 FM 3514
Beaumont, Texas 77705-7638

-8-

## CERTIFICATE OF SERVICE

I, Dr. Alex Melvin Wade, Jr., pro se herein hereby certify a true and correct copy of the foregoing Objection has this November 17t8th, 2015 been served upon the Office of the Honorable Devon Andserson, District Attorney harris County, Texas at 1201 Franklin Street, Ste 6th fl., Houston, Texas 77002, postage pre paid and deposited in the prison's mailbox on and at Mark W. Stiles Unit, 3060 FM 3514, Beaumont, Texas 77705-7638.

Dr. Alex Melvin Wade, Jr.
Attorney of Record

-9-